10-3721-ag
Ukshini v. Holder

BIA
Abrams, IJ
A088 173 727

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of October, two thousand eleven.

PRESENT:
            JON O. NEWMAN,
            JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*

_____

FEHMI UKSHINI,

            *Petitioner,*

            v.                                    10-3721-ag
                                                 NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*

_____

FOR PETITIONER:     Andrew P. Johnson, Law Offices of Andrew
                    P. Johnson, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General;
                    William C. Peachey, Assistant Director;
                    Mona Maria Yousif, Trial Attorney, Office
                    of Immigration Litigation, Civil
                    Division, United States Department of
                    Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fehmi Ukshini, a native and citizen of the former Yugoslavia, seeks review of an August 19, 2010, order of the BIA affirming the October 20, 2008, decision of Immigration Judge ("IJ") Steven R. Abrams denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fehmi Ukshini*, No. A088 173 727 (B.I.A. Aug. 19, 2010), *aff'g* No. A088 173 727 (Immig. Ct. N.Y. City Oct. 20, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency reasonably found that Ukshini's corroborating evidence did not establish that his political opinion was a "central reason" that he was attacked. *See* 8

2

U.S.C. § 1158(b)(1)(B)(i). First, contrary to Ukshini's argument, because the IJ explicitly considered his corroborating evidence, a reasonable fact-finder would not be compelled to conclude that the agency ignored any material evidence. *See Xiao Ji Chen v. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise."). Second, the agency's finding was an adequate ground for the denial of relief even in the absence of an adverse credibility finding. *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009) ("[A] failure to corroborate can suffice, without more, to support a finding that an alien has not met his burden of proof . . .."); *see also* 8 U.S.C. § 1158(b)(1)(B)(ii). Third, the agency reasonably found that Ukshini's medical documents, which establish an attack but not a motive, and his party membership card, which lists his personal information but no specific political activity, were insufficient corroborating evidence to establish that he was attacked on account of his political opinion. *See Xiao Ji Chen*, 471 F.3d at 342 ("[T]he weight to afford to such evidence 'lie[s] largely' within the discretion of the IJ.") (internal citation omitted). Therefore, because

3

Ukshini's corroborating evidence failed to demonstrate his political activity, the agency reasonably concluded that, without further corroborating evidence, he had failed to establish that he had been persecuted on the basis of his political opinion. *See Chuilu Liu*, 575 F.3d at 198 n.5; *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992)) ("The applicant must also show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief.").

Because Ukshini was unable to show past persecution or a well-founded fear of future persecution on account of a protected ground, as needed to make out an asylum claim, and because his claim for withholding of removal was based on the same factual predicate as his asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991); *see also* 8 U.S.C. §§ 1231(b)(3)(C), 1229a(c)(4)(B).

4

The agency also reasonably denied Ukshini's application for CAT relief because Ukshini did not establish that he would be tortured at "the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). The record indicates that Ukshini's attacker was arrested for his 2006 attack on Ukshini, and that the Democratic League of Kosovo is a controlling coalition member of the government. Because the government of Kosovo has previously punished Ukshini's attacker, the agency reasonably concluded that there was insufficient evidence that public officials in Kosovo would breach their legal responsibility to intervene to prevent such activity. *See Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004) ("[T]orture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for

5

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk